**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV F 07-0049 AWI SMS |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT** (Doc. 18.) |
| vs. | |
| ONE REMINGTON MODEL 870 WINGMASTER 12 GAUGE SHOTGUN, WITH 17 ½ INCH BARREL, SERIAL NO. 141771, et.al., | **OBJECTIONS DUE JULY 15, 2007** |
| Defendants. | |
| _____/ | |

**INTRODUCTION**

In this civil forfeiture action, plaintiff United States of American ("Government") seeks:

1.  Default judgment against the interests of William Meredith ("Mr. Meredith") in the defendants Remington Model 870 Wingmaster 12 gauge shotgun, with 17 ½ inch barrel, serial number 105126V; on Colt Model Trooper MK III revolver, caliber .357, serial number 14177J; one S.W.D. semi-automatic pistol, Model M-11, caliber 9mm, serial number 85-0000940; thirty rounds of Remington 9mm ammunition; six rounds of PMC .357 caliber ammunition; six rounds of CCI .38 caliber ammunition; and five Federal 2 gauge shotgun shells (hereinafter "defendant firearms and ammunition"); and

2.  Entry of a final forfeiture judgment to vest in the Government all right, title and interest

1

1    in the defendant firearms and ammunition.

2    This Court considered the Government's default and final forfeiture judgment motion on the record and

3    without oral argument or the now vacated June 22, 2007 hearing, pursuant to this Court's Local Rule

4    78-230(c)[1] and (h).  For the reasons discussed below, this Court RECOMMENDS to:

5         1.    GRANT the Government default judgment and to ENTER final forfeiture judgment to

6               vest in the Government all right, title and interest in the defendant firearms and

7               ammunition; and

8         2.    ORDER the Government, within 10 days of service of an order adopting these findings

9               and recommendations, to submit a proposed default and final forfeiture judgment

10              consistent with these findings and recommendations.

11                                    **BACKGROUND**[2]

12                                      **Seizure**

13        On August 14, 2006, a Yosemite National Park Ranger received a report of two shots that had

14   been fired at the Porcupine Flat Campground in Yosemite National Park.  Upon responding to the report,

15   the park ranger, accompanied by several other park rangers, were informed the shot came from site 52

16   and proceeded to site 52 where they saw William Meredith ("Meredith").  The rangers asked Meredith

17   about the gunshots and he said he had scared off the bear from his trash by hitting a dust pan on the side

18   of his bear locker.  A ranger asked Meredith if he could see his guns at which point Meredith went to

19   his truck and pulled a black hard sided case from behind his driver's seat, which had a revolver and a

20   M-11 assault handgun with a loaded magazine.  The rangers then asked if they could search the cab of

21   his truck for anything illegal or any more weapons.  Meredith agreed and informed the rangers that he

22   had a loaded shotgun in the very back cab.  The rangers then noticed a glass tube with burnt residue in

23   the center console between the driver and passenger seats.  When asked where the Meth was that went

24   with the pipe, Meredith stated that he did not have any meth and that it was probably his kid's.  Meredith

25   was handcuffed and a search of his person resulted in the ranger finding a pipe, which had an odor of

26   _____

27   [1]    No timely opposition papers were filed.  Pursuant to this Court's Local Rule 78-230(c), no opposing party
is entitled to oral argument in the absence of timely filed opposition papers.

28   [2]    The below factual recitation is based on the Government's papers and record before this Court.

                                        2

burnt marijuana.  Meredith stated to one of the rangers that he had one "bowl."

The rangers continued to search Meredith's truck, tent and belongings and found more ammunition in the truck, another glass tube with burnt residue in the pocket of Meredith's tackle box, a blue torch pen in Meredith's bathroom bag and an unloaded gun in plain view inside of Meredith's tent.  Meredith was taken to the Yosemite Valley Holding Facility where he was read and waived *Miranda* rights.  Meredith admitted ownership and possession of the defendant firearms and ammunition and that he smokes methamphetamine 10 to 12 times a year.

Base d on the above and the allegations set forth in the complaint, on January 10, 2007, the Clerk of the Court issued a Warrant for Arrest of Articles *In Rem* for the defendant firearms and ammunition. The Warrant for Arrest was executed on the defendant firearms and ammunition on January 17, 2007.

### The Government's Claims

On January 9, 2007, the Government filed its complaint for forfeiture in rem ("complaint") in this action to claim that the defendant firearms and ammunition are subject to forfeiture to the Government under 18 U.S.C. § 924(d)(I) in that the defendant firearms and ammunition were involved in a knowing violation of 18 U.S.C. § 922(g)(3).  Further, the defendant, one Remington Model 870 Wingmaster 12 gauge shotgun with a 171/2 inch barrel serial number 105126V,  is a "firearm" as defined by the National Firearms Act (NFA), 27 U.S.C. § 5801 *et. seq.* which was not registered to William Meredith and was in his possession in violation of 26 U.S.C. § 5861(d) and is therefore subject to forfeiture pursuant to 26 U.S.C. § 5872(a).

### Notice Of Forfeiture Action

This Court issued its January 26, 2007 order for publication ("publication order") for the Government to provide public notice of this action and arrest of the defendant firearms and ammunition by publication in the Mariposa Gazette (Mariposa County) and the Union Democrat (Tuolumne County). The notices were both published on February 8, 2007 and the proof of such publications were filed with the Court on March 5, 2007.

On February 26, 2007, the Government personally served William Meredith with copies of the complaint, arrest warrant, publication order and other papers related to this action.

///

1

**Default Entries**

2      At the Government's request, this Court's clerk entered default in this action on May 4, 2007

3   against William Meredith.

4

**DISCUSSION**

5

**Complaint's Sufficiency**

6      The Government contends that the allegations in the complaint which set forth William

7   Meredith's admission to being a drug user,  the unregistered status of the shotgun, and the issuance of

8   the Warrant for Arrest of Articles *In Rem* based on the statutes and facts cited herein, provide ample

9   grounds for the Court to find that facts exist to support the forfeiture of the defendant firearms and

10  ammunition.  A complaint's sufficiency is a factor to consider whether to grant default judgment. *Eitel*

11  *v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).  The Government notes that its complaint's

12  allegations arise from the underlying parallel criminal prosecution of William Meredith.  Thus,

13  according to the Government, the defendant firearms and ammunition are subject to forfeiture under 18

14  U.S.C. §924(d)(I).  Further, the shotgun is a "firearm" as defined by the NFA, 26 U.S.C. § 5801 *et. seq.,*

15  which was not registered to William Meredith and was in his possession in violation of 26 U.S.C. §

16  5872(d).

17      As noted by the Government, the defendant firearms and ammunition were involved in a

18  knowing violation of 18 U. S. C. § 922(g)(3).  In the absence of assertion of interests in the defendant

19  firearms and ammunition, this Court is not in a position to question the sufficiency of the Government's

20  claims in this action.

21

**Notice Requirements**

22      The Government contends that it provided required notice for the defendant firearms and

23  ammunition's forfeiture.  The Fifth Amendment's Due Process Clause prohibits the Government to

24  deprive property without "due process of law."  Individuals whose property interests are at stake are

25  entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*,

26  510 U.S. 43, 48, 114 S.Ct. 492 (1993).

27      Judicial property forfeitures are governed by the Supplemental Rules for Certain Admiralty and

28  Maritime Claims ("Supplemental Rules").  Supplemental Rule C(4) requires the Government to give

4

1   notice of forfeiture proceedings by publication alone.  This Court's Local Admiralty and In Rem Rules

2   echo Supplemental Rule C(4)'s notice of forfeiture action by court-ordered publication in a newspaper

3   of general circulation in the district where the action is filed.  *See* Local Rule A-530 (incorporating Local

4   Rule 83-171 by which court is to designate appropriate newspaper and manner of publication).  The

5   Government accomplished such notice with the publication order and publishing notice of this action

6   and the arrest of the defendant firearms and ammunition in the <u>Mariposa Gazette</u> and the <u>Union</u>

7   <u>Democrat</u> in February 2007.

8   However, when the Government knows of an owner of defendant property, the owner has a

9   constitutional right of due process to require "the Government to make a greater effort to give him notice

10   than otherwise would be mandated by Supplemental Rule C(4)."  *United States v. Real Property*, 135

11   F.3d 1312, 1315 (9th Cir. 1998).  For such persons, the Government must attempt to provide actual notice

12   by means "'reasonably calculated under all circumstances' to apprise [the person] of the pendency of

13   the . . . forfeiture[.]"  *Dusenberry v. United States*, 534 U.S. 161, 168, 122 S.Ct. 694 (2002).  The

14   Government must provide such notice "as one desirous of actually informing the absentee might

15   reasonably adopt to accomplish it."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315,

16   70 S.Ct. 652 (1950).  "Reasonable notice, however, requires only that the government attempt to provide

17   actual notice; it does not require that the government demonstrate that it was successful in providing

18   actual notice."  *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

19   This Court's Local Rule A-540 addresses notice to persons known to have an interest in property

20   subject to forfeiture.  The rule requires that a party seeking default judgment in an action in rem to show

21   to the Court's satisfaction that due notice and arrest of the property has been given by: (1) publication;

22   (2) if the property is in the hands of a law enforcement officer, by personal service on the person having

23   custody prior to its possession by law enforcement agency or officer; and (3) by personal service or

24   certified mail, return receipt requested, to every other person who has not appeared in the action and is

25   known to have an interest in the property; provided that failure to give actual notice to such other person

26   may be excused upon a satisfactory showing of diligent efforts to give such notice without success.

27   Local Rule A-540(a).

28   Notwithstanding the provisions of the Supplemental Rules and Local Rule A-540(a), the

5

1  Government provides sufficient notice if such notice complies with F.R.Civ.P. 4 requirements.  *See*

2  F.R.Civ.P. 4(n)(1) (when a federal statute authorizes forfeiture, "[n]otice to claimants of the property

3  shall then be sent in the manner provided by statute or by service of a summons under this rule.")

4      Here, the Government personally served William Meredith with the complaint, arrest warrant,

5  publication order and other papers regarding this action.  No notice issues arise as to the defendant

6  firearms and ammunition's forfeiture.

7  **Failure To Answer**

8      The Government contends that this Court's clerk properly entered defaults against William

9  Meredith.  Supplemental Rule G(5) addresses responsive pleadings in civil forfeiture actions such as this

10  and requires a person who asserts an interest in or right against the subject property to file a verified

11  statement to identify the interest or right within 30 days after the earlier of: (1) service of the

12  Government's complaint; or (2) completion of publication notice.  Failure to comply with Supplemental

13  Rule G(5) requirements precludes a person to establish standing as a party to a forfeiture action.  *Real*

14  *Property*, 135 F.3d at 1317.

15      As outlined above, the Government on February 26, 2007, personally served William Meredith

16  with copies of the complaint, arrest warrant, publication order and other papers related to this action.

17  Publication notice was completed on February 8, 2007, and the Government filed proof of such

18  publication notice on March 5, 2007.  More than 30 days have passed since completion of publication

19  notice and since service of the complaint on William Meredith.  This Court's clerk properly entered

20  defaults upon failure of the potential claimant to respond to the Government's complaint and notices.

21  **Default Judgment**

22      The Government seeks judgment against the interests of William Meredith in the defendant

23  firearms and ammunition and final forfeiture judgment to vest in the Government all right, title and

24  interest in the defendant firearms and ammunition.  The Supplemental Rules do not provide a procedure

25  to seek default judgment.  Supplemental Rule A provides: "The general Rules of Civil Procedure for the

26  United States District Courts are also applicable to the foregoing proceedings except to the extent that

27  they are inconsistent with these Supplemental Rules."

28      Default entry is a prerequisite to default judgment.  F.R.Civ.P. 55(a) governs entry of default:

6

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Generally, the default entered by the clerk establishes a defendant's liability:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages will be taken as true." (citations omitted). *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977).

*Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

As noted above, the Government properly obtained default entries against the interests of William Meredith. There is no impediment to default judgment sought by the Government as to him. The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title and interest in the defendant firearms and ammunition. "A judgment in rem affects the interests of all persons in designated property. . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson v. Denckla*, 357 U.S. 235, 246, n. 12, 78 S.Ct. 1228 (1958).

In light of the defaults, a final forfeiture judgment is in order for the Government.

## **RECOMMENDATIONS AND ORDER**

For the reasons discussed above, this Court RECOMMENDS to:

1.   GRANT plaintiff United States of America default judgment against the interests of William Meredith in the defendant firearms and ammunition;

2.   ENTER final forfeiture judgment to vest in plaintiff United States of America all right, title and interest in the defendant firearms and ammunition; and

3.   ORDER plaintiff United States of America, within 10 days of service of an order adopting the findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and order adopting them.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. No later than July 15, 2007,

2006, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties and otherwise in compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses to objections shall be filed and served no later than December 15, 2006 and otherwise in compliance with this Court's Local Rule 72-304(d).   The district judge will review the magistrate judge's findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


        IT IS SO ORDERED.

**Dated:    July 3, 2007**                    _____/s/ Sandra M. Snyder_____
                                   UNITED STATES MAGISTRATE JUDGE

8